IN THE UNITED STATES DISTRICT COURT
DISTRICT FOR KANSAS

| | |
|---|---|
| AMY AFFOLTER, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 18-CV-1219 |
| | ) |
| HAYS MEDICAL CENTER, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

COMES NOW the Plaintiff Amy Affolter, by and through Travis J. Ternes of the law firm of Watkins Calcara, Chtd., her attorneys, and, for her cause of action, states and alleges as follows:

### I. Parties

1. Plaintiff Affolter is an individual residing in Comanche Texas. Plaintiff Affolter was formerly employed by Defendant as a pharmacy technician.

2. Defendant is a not-for-profit corporation organized under the laws of Kansas and can be served with process at 2220 Canterbury, Hays, KS 67601.

3. Defendant is an employer engaged in an industry affecting commerce as defined by 42 U.S.C. Section 2000e(b).

### II. Jurisdiction and Venue

4. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended. As the claims enumerated herein arise under federal law, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the Defendant

is subject to the Court's personal jurisdiction within this District.

### III. Exhaustion of Administrative Remedies

6.      Plaintiff filed Charges of Discrimination with the Kansas Human Rights Commission (hereinafter "KHRC") against the Defendant on March 20, 2017. The KHRC Charge number is 39233-17. The Equal Employment Opportunity Commission (hereinafter "EEOC") Charge Numbers is 28D-2017-00358.

7.      Plaintiff was issued a Notice of Right to Sue by the EEOC, on or about May 9, 2018. Such Notice was provided with respect to their EEOC charges listed above. A copy of the Notice is attached hereto as Exhibit A.

8.      Plaintiff's claims herein were subject to the KHRC and EEOC investigation referenced above.

9.      Plaintiff has exhausted her administrative remedies pursuant to 29 C.F.R. 1601 et seq.

10.     Plaintiff has fully complied with any and all administrative and jurisdictional prerequisites to the institution of this action in this Court.

### IV. Factual Background

11.     Plaintiff suffers from multiple sclerosis.

12.     Plaintiff began working for the Defendant on or about July 2015.

13.     On or about October 15, 2016, Plaintiff turned in a disability accommodation request to the human resources department related to her multiple sclerosis.

14.     Plaintiff was granted her accommodation request over the complaints of her supervisor James Meier.

15. After receiving the accommodation request, Defendant began complaining about Plaintiff's job performance.

16. On or about November 21, 2016, Plaintiff was given a written warning by James Meier for wearing jewelry, tardiness, and a note to a co-worker, none of which was enforced against other similarly situated employees.

17. On or about January 30, 2017, Plaintiff was brought into a counseling session with Human Resources and James Meier to request that Plaintiff's neurologist reassess her disability to see if she was able to continue her work.

18. Plaintiff's neurologist re-evaluated her disability and opined that it would not prevent her from performing her job tasks.

19. On or about March 21, 2017, Defendant terminated Plaintiff's employment due to alleged unsatisfactory work performance.

20. Part of the unsatisfactory performance included a chemotherapy medication and an IV supplies order being delayed and workflow disrupted.

21. However, the order was not Plaintiff's sole responsibility but no other employee was disciplined.

22. Moreover, the order that Defendant alleged is the reason for termination arrived on time.

23. Defendant's termination of Plaintiff's employment failed to comply with proper procedure pursuant to the employment agreement.

**Count I -    DISCRIMINATION AND RETALIATION FOR A DISABILITY IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

24. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

25. Plaintiff engaged in a protected activity by requesting an accommodation of her work schedule because of her multiple sclerosis.

26. Plaintiff was written up shortly thereafter despite no prior complaints.

27. After performing well with the accommodation, Defendant required an additional counseling session to pressure Plaintiff into claiming her disability prevented her from working.

28. Less than two-months after the second counseling, Plaintiff was terminated.

29. Defendant set up pretext for Plaintiff's termination because the reason proffered for her termination was inconsistent with treatment toward other similarly situated employees and contradictory to the reasoning expressed behind the termination.

### COUNT II - STATE LAW WRONGFUL TERMINATION

30. Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

31. Kansas common law allows a cause of action for wrongful termination based on retaliation when an employee takes a protected right.

32. Further, Kansas law protects against termination of employment based on violation of an employment agreement.

33. Defendant failed to comply with its own procedure when it terminated Plaintiff's employment thus violating the implied employment contract.

### RELIEF SOUGHT

WHEREFORE, the plaintiff prays for judgment against the defendant for damages in excess of $75,000.00 representing economic losses, noneconomic losses, compensatory

damages, general damages, and for attorney fees, for costs of this action, for interest, and for such other and further relief as the court deems just and proper.

                        WATKINS CALCARA, CHTD.

                        /s/ TRAVIS J. TERNES
                            Travis J. Ternes, #27184
                            1321 Main Street - Suite 300
                            P.O. Drawer 1110
                            Great Bend, Kansas  67530
                            (620) 792-8231   Fax (620) 792-2775
                            tternes@wcrf.com
                            Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

COMES NOW the plaintiff and demands a trial by jury of twelve (12) on all issues herein.

                        /s/ TRAVIS J. TERNES
                            Travis J. Ternes, #27184

## DESIGNATION OF PLACE OF TRIAL

COMES NOW, the plaintiff, and designates Wichita, Kansas for trial of this matter.

                        /s/ TRAVIS J. TERNES
                            Travis J. Ternes, #27184